# In the United States Court of Federal Claims

No. 01-707V
(Filed June 17, 2009)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **MICHAEL STEPHEN SHAW,** | \* |
| | \* |
| Petitioner, | \* |
| | \*  Lack of Jurisdiction to Review |
| v. | \*  Special Master's Decision on |
| | \*  Interim Attorney's Fees; |
| | \*  42 U.S.C. §§ 300aa-12; |
| **SECRETARY OF THE DEPARTMENT** | \*  RCFC Appendix B  Rule 3(a). |
| **OF HEALTH AND HUMAN SERVICES,** | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \*\*

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, 02116, for Petitioner.

Voris E. Johnson Jr., U.S. Department of Justice, Washington D.C. 20044, for Respondent.

___

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S MOTION FOR REVIEW OF SPECIAL MASTER'S DECISION ON INTERIM FEES**
___

**WILLIAMS**, Judge.

This case comes before the Court on Petitioner's Motion for Review of the Special Master's Decision of March 27, 2009, partially granting and deferring interim attorney's fees and costs. Because the decision on interim fees and costs is not final, this Court lacks jurisdiction to review the decision at this juncture.

### Background

On December 20, 2001, Michael Stephen Shaw filed a petition seeking an award of compensation under the Vaccine Act, alleging that he suffered injury as the result of Hepatitis B vaccinations he received on May 5 and June 11, 1995. Although pending since 2001, this case was stayed at Petitioner's request pending the outcome of an omnibus proceeding involving numerous

1

other Hepatitis B cases.[1]  The stay was lifted on March 27, 2006.  After the stay was lifted, the parties filed a substantial volume of medical records, and the Special Master conducted an entitlement hearing on March 12, 2008.

On August 19, 2008, Petitioner filed a motion seeking interim attorney's fees and costs of $175,239.95.  The requested fees encompass attorney's fees, expert fees and travel costs.  On March 27, 2009, the Special Master awarded a total of $12,636.59 in interim attorney's fees, attorney's costs, and petitioner's costs.  Shaw v. Sec'y of HHS, No. 01-707V, 2009 WL 1010058 at *2 (Fed. Cl. Spec. Mst. Mar. 27, 2009).  The Special Master awarded fees and costs which were undisputed and deferred consideration of the disputed fees and costs until a final petition for fees and costs is submitted.  On April 3, 2009, Petitioner filed a Motion for Reconsideration of Decision for Interim Fees and Costs, arguing that by deferring a decision, the Special Master had ceded the authority granted to her by Congress to the respondent.  Petitioner further argued that the record was complete, and the Special Master's deferral of a decision on interim fees was arbitrary, capricious and an abuse of her discretion.

On May 1, 2009, the Special Master denied reconsideration, stating that she found "the undisputed portions of the requested interim fees to be reasonable" and that she deferred a decision on the disputed amounts because she "has questions both consistent with and independent of respondent's challenges to the reasonableness of some of the amount of the requested fees and some of the requested costs."  Recon. Order at 2.  The Special Master determined that issues of both the reasonableness of the hours expended and the hourly rate required further examination.  Id.  The Special Master further explained her decision to defer consideration of the requested fees:

> As the parties are aware, the undersigned is preparing a ruling on entitlement in this matter.  A significant issue in the entitlement ruling is whether Dr. Tenpenney, as an osteopathic doctor and one of petitioner's many treating physicians, was qualified to opine on the cause of petitioner's neurologic injury.  The transcript of the entitlement hearing and the interim fee petition reflect many hours of research by Dr. Tenpenney in preparing an opinion letter in this case.  The reasonableness of Dr. Tenpenney's extensive research is best considered in connection with the undersigned's evaluation of the petitioner's entitlement claim.

Id. at 2-3.  The Special Master reiterated that she would consider the disputed fees "after a final fee application is submitted."  Id. at 3.

---

[1] A hearing in the four "paradigm" cases in the Hepatitis B omnibus proceedings was held in October 2004.  The first decision, Stevens v. Sec'y of HHS, No. 99-594V, 2006 WL 659525, (Fed. Cl. Feb. 24, 2006) was issued on February 24, 2006.

**Discussion**

The motion for review presents an issue of first impression -- whether this court has jurisdiction to review a special master's decision on interim attorney's fees and costs prior to issuance of a final decision on compensation. The Vaccine Act authorizes compensation to be awarded to individuals who have suffered a "vaccine-related injury or death." 42 U.S.C. § 300aa-15 (2009). In addition to authorizing compensation to the injured party, the Vaccine Act states that the Special Master or court, "shall award as part of such compensation . . . reasonable attorney's fees . . . and other costs." 42 U.S.C. § 300aa-15(e)(1). The Vaccine Act does not require a party to prevail on the merits of the claim to be eligible for attorney's fees. Instead, a petitioner is eligible for attorney's fees if the "petition was brought in good faith and there was a reasonable basis for the claim." Id. The Federal Circuit recently authorized awards of interim attorney's fees under the Vaccine Act in Avera v. Secretary of Health & Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). However, Avera did not address whether this Court could review an interlocutory interim fee decision while the case remains pending before the Special Master and a decision on compensation has not yet been issued.

The Vaccine Act contemplates that a "final decision" of the Special Master is necessary to invoke this Court's jurisdiction for review. The Vaccine Act specifies the circumstances under which review of a Special Master's decision may be sought:

> A Special Master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation.
>
> . . . .
>
> The decision of the Special Master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e) of this section.

42 U.S.C. § 300aa-12(d)(3)(A). With respect to this Court's authority to review a Special Master's rulings, Section 12(e) of the Act states:

> (e)  Action by United States Court of Federal Claims
>
> (1) Upon issuance of the Special Master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision.
>
> . . . .

>      (3) In the absence of a motion under paragraph (1) respecting the Special
>      Master's decision . . . the clerk . . . shall immediately enter judgment in
>      accordance with the Special Master's decision.

42 U.S.C. § 300aa-12(e).

Both the Federal Circuit and the Court of Federal Claims have interpreted Section 12(e)(3) to mean that only a "final decision" by the Special Master -- a decision that resolves the ultimate issues in the case -- is appropriate for review by this Court. See Widoss v. Sec'y of HHS, 989 F.2d 1170, 1175-76 (Fed. Cir. 1993) (stating that "both §§ 300aa-12(d)(3)(A) and 300aa-12(e)(1) evidence that the proceedings . . . conclude with the special master's final act of 'issu[ing] a decision'" and that the special master's jurisdiction ends on the date of issuance) (emphasis added); Weiss v. Sec'y of HHS, 59 Fed. Cl. 624 (2004) (dismissing motion for review of an interim order of the Special Master that dismissed one of three theories of causation because the Special Master's order in that case was not a "final decision" within the meaning of the Vaccine Act); Spratling v. Sec'y of HHS, 37 Fed. Cl. 202, 203 (1997) (ruling that order that allowed petitioner to submit additional evidence was not final, and therefore dismissing petition because "the [Vaccine] Act does not provide for interlocutory appeals"); see also Vessels v. Sec'y of HHS, 60 Fed. Cl. 75, 79-80 (2004).

The Special Master's "final decision" must resolve the ultimate issue -- whether compensation is appropriate and, if so, the amount of such compensation, or whether an award of reasonable attorney's fees and costs is appropriate and, if so, the amount.[2] The "final decision" requirement is also supported by Rule 3(a) of the Vaccine Rules which states that, "[a]ll proceedings prior to the issuance of the Special Master's decision are to be conducted exclusively by the Special Master." RCFC Appendix B, Vaccine Rule 3(a) (emphasis added). See Weiss, 59 Fed. Cl. at 627 ("the Vaccine Rules of this Court further support the proposition that the Court's jurisdiction is limited to reviewing final decisions of Special Masters").

Here, the Special Master has deferred consideration of petitioner's entitlement to the fees and costs requested in the interim fee petition until she reviews the record on entitlement, so that she can make her assessment on fees in the context of reviewing the entire record -- especially the testimony and exhibits related to expert fees at issue. Such a procedural decision is clearly not final and outside this Court's jurisdiction.

This interpretation is consistent with numerous appellate decisions holding that a trial tribunal's decision on interim attorney's fees is not "final" or appealable except under very limited circumstances not present here. See e.g., Nosik v. Singe, 40 F.3d 592, 597 (2nd Cir. 1994)

---

[2] Vaccine Act proceedings are typically bifurcated. One decision finally resolves the issue of compensation, and a subsequent decision finally resolves the issue of attorney's fees and costs. See RCFC Appendix B, Vaccine Rules 10(a) and 13. Each separate final decision is subject to review by this Court.

4

("[Petitioner] also assumes that we have jurisdiction to entertain an interlocutory appeal from a refusal to award interim attorney's fees under 42 U.S.C. § 1988. We do not."); In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 156 (3rd Cir. 2005) ("Accordingly, an interim award of attorney's fees is not, in almost all cases, an appealable final order because it foresees further and additional action by the district court, thus continuing, but not concluding, the fee litigation."); Ruiz v. Estelle, 609 F.2d 118, 118 (5th Cir. 1980) (holding that a 42 U.S.C. § 1988 interim fee award was "patently not yet final"); Rosenfeld v. United States, 859 F.2d 717 (9th Cir. 1988) (holding that an interim fee award under 42 U.S.C. § 1988 was not a final, appealable order); Banks v. Office of Senate Sergeant-At-Arms, 471 F.3d 1341, 1344 (D.C. Cir. 2006) (dismissing an appeal for lack of jurisdiction because "the decision to award Banks' attorney's fees under Rule 37 is reviewable on appeal from final judgment and is therefore not within our jurisdiction for review at this stage of the litigation").[3]

In sum, based upon the language of the Vaccine Act and analogous cases, a decision on interim attorney fees is not final and not appealable at this juncture, absent unique circumstances not present here.

## Conclusion

Petitioner's motion for review of Special Master's decision on interim attorney's fees is **DISMISSED** for lack of jurisdiction.

> s/Mary Ellen Coster Williams
> **MARY ELLEN COSTER WILLIAMS**
> **Judge**

---

[3] Courts have found interim fee awards to be reviewable in limited circumstances where the award decision is imbued with some degree of finality due to the circumstances surrounding the award. See In re Spillane, 884 F.2d 642, 644-45 (1st Cir. 1989) (holding that generally "an interim award of attorney's fees under 11 U.S.C. §§ 330(a)(1) and 331 is not final," but may be reviewed when the attorney's services have ended); Dupuy v. Samuels, 423 F.3d 714, 718 (7th Cir. 2005) (noting an exception allowing appeal of interim attorney's fee award where a party would be unable to repay the fees if fee award were vacated on appeal).