# In the United States Court of Federal Claims

Case No. 01-707V

(Filed: April 16, 2013)[1]

* * * * * * * * * * * * * * * * * * * *

MICHAEL STEPHEN SHAW,

        *Petitioner*,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        *Respondent.*

Vaccine Act; Interim fees;
*Avera*; *McKellar*

* * * * * * * * * * * * * * * * * * * * *

    *Ronald C. Homer*, Boston, MA, for plaintiff.

    *Voris E. Johnson*, United States Department of Justice, Civil Division, Washington, D.C., with whom were *Tony West*, Assistant Attorney General, *Mark W. Rogers*, Acting Director, *Vincent J. Matankoski*, Acting Deputy Director, and *Catharine E. Reeves*, Assistant Director for defendant.

_____

OPINION

_____

This is an action brought under the National Vaccine Injury Compensation Program. *See* 42 U.S.C. §§ 300aa-1 to -34 (2006) (the "Act"). The matter is still pending before the Office of Special Masters awaiting a decision on the merits. Before the court now, however, is a motion for review

---

[1] In accord with the Rules of the Court of Federal Claims, App. B, Rule 18(b), this opinion was initially filed under seal on February 14, 2012. The parties were afforded fourteen days in which to propose redactions. Neither party proposed any redactions.

of a decision by the special master to award only some of the fees and costs sought by petitioner on an interim basis. Petitioner requested over $175,000 and was awarded a little less than $13,000. The matter is fully briefed. Oral argument is deemed unnecessary. For the reasons set out below, we deny the motion for review.

BACKGROUND

The petition for compensation was filed in December 2001. It became part of a large group of cases involving the assertion of injury flowing from administration of the Hepatitis B vaccine. The resulting omnibus proceeding understandably delayed resolution of the associated cases, including this one. A hearing on the merits was held on March 12, 2008. Petitioner filed his request for an award of interim fees and costs on August 19, 2008. He sought approximately $175,000. The government opposed the fee and cost request as "excessive," agreeing only that it would not dispute approximately $13,000. On March 27, 2009, the special master awarded $12,632.59 and denied the rest of the amount sought, at least on an interim basis. The special master noted that she anticipated "vigorous" objection from respondent at the time petitioner put in his final fee request and that pausing to assess in detail the disputed portions of the interim fee request would "further delay a decision on petitioner's petition for fees and costs." *Shaw v. Sec'y Health & Human Servs.*, No. 01-707V, 2009 U.S. Claims LEXIS 188, *8-9 (Fed. Cl. Spec. Mstr. Mar. 27, 2009).

Petitioner moved for reconsideration of the March 27, 2009 interim fee decision. The special master denied the motion for reconsideration, and wrote that "the undersigned is preparing a ruling on entitlement in this matter." *Shaw v. Sec'y Health & Human Servs.*, No. 01-707V, 2 (Fed. Cl. Spec. Mstr. May 1, 2009) (order denying motion for reconsideration). In explaining her decision to defer consideration of anything other than the undisputed amounts, the special master explained that "A significant issue in the entitlement ruling is whether [petitioner's expert] Dr. Tenpenny, as an osteopathic doctor and one of petitioner's many treating physicians was qualified to opine on the cause of petitioner's neurologic injury." *Id.* She went on to write that "[t]he undersigned has expressed serious concerns . . . related to the reasonableness of the fees sought, particularly as it relates to petitioner's expert, Dr. Tenpenny." *Id.* at 3.

The special master's statements were prophetic in two respects. First, as predicted, the special master issued her opinion on the merits denying the

petitioner's claim on August 31, 2009, fairly soon after the decision on reconsideration. Also as anticipated, she rejected Dr. Tenpenny's testimony as illogical and concluded that Dr. Tenpenny was not qualified to testify as an expert. She also emphasized the link between the merits decision and attorney fees:

> The undersigned observes here, and will address in further detail upon submission of petitioner's request for attorneys' fees and costs, that although presented as a treating doctor, Dr. Tenpenny effectively offered an expert opinion without the requisite qualifications to do so. On this ground, the reasonableness of the requested fees for Dr. Tenpenny, when submitted, will be closely examined.

*Shaw v. Sec'y Health & Human Servs.*, No. 01-707V, 2009 U.S. Claims LEXIS 534, *84 n.40 (Fed. Cl. Spec. Mstr. Aug. 31, 2009).

Petitioner subsequently moved for reconsideration of the merits decision based on new evidence that was admittedly previously available. That request was denied and petitioner sought review of the special master's merits decision here. We rejected the petition for review insofar as it challenged the merits of the causation determination, but, in the interest of justice, we remanded for the special master to consider the new evidence. *Shaw v. Sec'y Health & Human Servs.*, 91 Fed. Cl. 715 (2010). The merits redetermination on remand is pending before the Office of Special Masters.

DISCUSSION

Petitioner's principal argument is that litigation of vaccine claims has, in general, become more complex than anyone, including Congress, anticipated. This can lead to long periods between filing and disposition and, in many cases, the accrual of substantial costs and fees. No doubt that is true. We note that in this case, however, the one which matters, petitioner sought a stay of this action pending the outcome of the omnibus proceedings. That stay lasted five years. Moreover, of the 164 entries on the docket sheet as of this ruling, more than two dozen relate only to the matter of interim fees.

Petitioner also contends that it was arbitrary and capricious for the special master not to proceed to resolution of the interim fee request in its totality because "she will have no more evidence with respect to the interim

3

fee request than she does today." Pet'r's Mem. in Supp. Mot. Review 11, ECF. No. 91. According to petitioner, the special master has, in effect, failed to exercise her discretion by deferring to the respondent's unexamined opposition.

Respondent argues that none of the special circumstances cited in *Avera v. Secretary of Department of Health & Human Services*, 515 F.3d 1343 (Fed. Cir. 2008), were present to warrant an interim award in this case.[2] It also contends that the special master was well within her discretion to award only those fees which were uncontested and to undertake a full consideration only after an examination of the evidence in the context of ruling on the merits.

In *Avera*, the Federal Circuit held that "subsection 300aa-15(f)(1) did not limit the award of attorneys' fees only to situations where an election has been made. . . . There is nothing in the Vaccine Act that prohibits the award of interim fees." 515 F.3d at 1351. In its decision in this action holding that we have jurisdiction to consider a challenge to a denial of interim fees, the Federal Circuit noted that a petitioner is entitled to attorneys' fees "as long as he or she brings the action in good faith and with a reasonable basis, regardless of the ultimate outcome of the case." *Shaw*, 609 F.3d at 1377. With respect to interim fees, it noted that a special master can "often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis." *Id.* (quoting *Avera*, 515 F.3d at 1352).

"Often," however, is not "always." The upshot of the *Avera* and *Shaw* decisions is that, because fees may be recoverable even if the petitioner ultimately loses, and because the special master may be in a position to assess the bona fides of the claim even before the end of the litigation, then, under appropriate circumstances, the special master may award interim fees. Factors recognized by the Federal Circuit in *Avera* as relevant to consider include whether the litigation has been protracted or whether it was necessary to engage costly experts. *Avera*, 515 F.3d at 1352. Thus, as we noted in *McKellar v. Secretary of Health & Human Services*, if "mere good faith and

---

[2] Respondent's principal argument in opposition to the interim fee request initially was that the court lacked jurisdiction to hear a decision of the special master with respect to an interim request for fees. That theory was ultimately rejected by the Federal Circuit. *See Shaw v. Sec'y Health & Human Servs.*, 609 F.3d 1372, 1378 (Fed. Cir. 2010).

reasonable basis were all that is necessary, the *Avera* factors become superfluous and interim fees would be the norm." 2011 U.S. Claims LEXIS 2209, *12 (Fed. Cl. Nov. 4, 2011) (construing *Avera* to require "that some special showing is necessary to warrant interim fees, including but not limited to the delineated factors of protracted proceedings, costly experts, or undue hardship"). As we intimated in *McKellar*, there may well be other relevant factors, but by no means does *Avera* hold that interim fees are presumptively available merely because the vaccine program in general has become more complex than Congress anticipated.

Most relevant to the present dispute, however, was the Federal Circuit's observation in this case: "[t]he special master may determine that she cannot assess the reasonableness of certain fee requests prior to considering the merits of the vaccine injury claim." *Shaw*, 609 F.3d at 1377. That is precisely what the special master did in reserving ruling on the bulk of petitioner's interim fee request. She had misgivings about the testimony of Dr. Tenpenny and those misgivings later lead to her denial of relief. That skepticism about Dr. Tenpenny was not the basis for our remand. Presumably, therefore, it was not necessary to engage Dr. Tenpenny. We note in particular some of the cost items as to which the special master expressed concern: the $25,800 which Dr. Tenpenny billed for expert services; the $1,169.50 spent on airline tickets for Dr. Tenpenny to fly from Cleveland to Houston to Salt Lake City on March 16, 2008, when the entitlement hearing was held in Sacramento on March 12, 2008; and the $139.19 billed for two meals consumed by Dr. Tenpenny and petitioner's counsel. She also noted that 260 hours were billed by petitioner's counsel to prepare for a one day hearing. Her reluctance to rule on whether such items were recoverable until she ruled on entitlement is certainly reasonable.

## CONCLUSION

The special master's decision to defer consideration of most of the interim fee and cost request until final resolution of the merits was well within her reasonable discretion. The motion for review of the orders of March 27, 2009 and May 1, 2009 is denied.

s/ Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Judge