# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 01-707V**
(Filed: January 13, 2015)

| | | |
|---|---|---|
| M.S.S., Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | UNPUBLISHED, Special Master Dorsey. Decision on Proffer; Damages; Hepatitis B Vaccine (Hep B); Small Nerve Fiber Neuropathy. |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On December 20, 2001, [redacted] ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that he suffered from small nerve fiber neuropathy as a result of receiving hepatitis B vaccinations on May 5, 1999, and June 11, 1999.

A Ruling on Entitlement was issued on May 24, 2013, where the special master then assigned to the case found, by a preponderance of the evidence, that petitioner's vaccinations caused his injury.

On January 13, 2015, respondent filed a Proffer on Award of Compensation ("Proffer").

---

[1] When this decision was originally issued, the parties were notified that the decision would be posted in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). Petitioners were also notified that they could seek redaction pursuant to § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Petitioners made a timely request for redaction and this decision is being reissued in accordance with the request for redaction.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent proffers that based upon her review of the evidence of record, petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached to the Proffer at Tab A. These items include: (1) Life Care Expenses: Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A of the Proffer in the amount of $171,328.49; (2) Lost earnings: respondent proffers that the appropriate award for petitioner's lost earnings is $1,825,876.55; (3) Pain and Suffering: respondent proffers that petitioner should be awarded $241,696.16, in actual and projected pain and suffering, and (4) Past Unreimbursable Expenses: respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $116, 264.95. Petitioner agrees with the proffered award for each item of compensation. Petitioner further represents that there are no Medicaid liens outstanding against him.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the undersigned awards the following:

A. **A lump sum payment of $2,355,166.15, in the form of a check payable to petitioner, [redacted]**, representing compensation for life care expenses to be incurred during the first year after judgment ($171,328.49), lost earnings ($1,825,876.55), pain and suffering ($241,696.16), and past unreimbursable expenses ($116,264.95).

B. An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer and the attachments to that Proffer.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

[redacted],

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 01-707V
Special Master Dorsey
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

## I. Items of Compensation

### A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNCLP, and petitioner engaged Roberta Hurley, Hurley & Econs Consulting, to provide an estimation of [redacted]'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in former Chief Special Master Campbell-Smith's Ruling on Entitlement filed May 24, 2013. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for [redacted], attached hereto as Tab A.[1] Respondent proffers that [redacted] should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B. Lost Earnings

The parties agree that based upon the evidence of record, ██████ has suffered a past loss of earnings and will continue to suffer loss of earnings in the future. Therefore, respondent proffers that ██████ should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for ██████'s lost earnings is $1,825,876.55. Petitioner agrees.

C. Pain and Suffering

Respondent proffers that ██████ should be awarded $241,696.16 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents ██████'s expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $116,264.95. Petitioner agrees.

E. Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against him.

## II. Form of the Award

The parties recommend that the compensation provided to ██████ should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A. A lump sum payment of $2,355,166.15, representing compensation for life care expenses expected to be incurred during the first year after judgment ($171,328.49), lost earnings ($1,825,876.55), pain and suffering ($241,696.16), and past unreimbursable expenses ($116,264.95), in the form of a check payable to petitioner, [redacted].

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, [redacted], only so long as [redacted] is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, [redacted], is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of [redacted]'s death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

## III. Summary of Recommended Payments Following Judgment

A. Lump Sum paid to petitioner, [redacted]: **$2,355,166.15**

B. An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

S/ *Alexis B. Babcock*
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-7678

Dated: January 13, 2015