# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 9, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| M.S.S., | * | |
| | * | |
| Petitioner, | * | Case No. 01-707V |
| v. | * | |
| | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 20, 2001, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*, ("the Vaccine Act"). Petitioner alleged that he suffered from small nerve fiber neuropathy as a result of receiving hepatitis B vaccinations on May 5, 1999, and June 11, 1999. On January 13, 2015, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer.

On July 1, 2015, petitioner filed a motion for attorneys' fees and costs. See Motion, 07/10/2015, (ECF No. 219). Petitioner applied for attorneys' fees amounting to $54,822.70, attorney's costs amounting to $15,811.48, and petitioner's costs amounting to $211.07. Id. at 1. Respondent filed a Motion to Suspend Proceedings on July 17, 2015, the undersigned denied this request in an Order issued on July 29, 2015. Respondent then filed a response to petitioner's application for fees and costs objecting to the hourly rates requested by petitioner's counsel and to certain expenditures of time. See Response Motion, 08/13/2015, (ECF No. 222).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended as 44 U.S.C. 3501 (2012)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, that material may be removed from public access.

     Petitioner filed a Response to Respondent's Opposition to Petitioner's Application for Attorneys' Fees and Costs on August 21, 2015. Petitioner also filed a supplemental application for attorneys' fees and costs in the amount of $1,291.50, on the same day. See Motion, 08/21/2015, (ECF No. 224). In a response dated September 2, 2015, respondent again objected to petitioner's application for attorneys' fees and costs, arguing that hourly rates requested by petitioner's counsel and certain expenditures of time were excessive. Respondent argued that petitioner had not filed evidence in support of his counsel's requested hourly rate and that petitioner's counsel's current hourly billing rates have "provided a windfall to [petitioner's counsel] over the years." See Response at 4, 7, 09/02/2015, (ECF No. 225).

     Petitioner filed a sur reply on September 9, 2015, arguing that the Carr[2] rates are "stale and outdated" and have "failed to remain competitive." See Sur Reply at 4, 09/09/2015, (ECF No. 226).

     On October 8, 2015, the undersigned indicated agreement with the analysis in the McCulloch decision and ordered petitioner to file another supplemental application for attorneys' fees and costs utilizing the rates awarded in McCulloch v. Sec'y of Health & Human Svcs., No. 09-293v, 2015 WL 5634323. See Scheduling Order, 10/08/2015, (ECF No. 228). Petitioner filed this second Supplemental Motion for Attorneys' Fees and Costs on October 9, 2015. In this application, petitioner requested attorneys' fees in the amount of $56,118.20, attorneys' costs in the amount of $15,811.48, and petitioner's costs in the amount of $211.07.[3] See Supplemental Motion, 10/09/2015, (ECF No. 229).

     The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's supplemental request for payment of attorneys' fees and costs.

     **Accordingly, the undersigned awards the total of 72,140.75[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.**

---

[2] Carr v. Sec'y of Health & Human Svcs., No. 00-778v, 2006 WL 1073032 (Fed. Cl. Spec. Mstr. Mar. 29, 2006) (discussing the former agreement regarding attorneys' fees between respondent and the law firm of Homer, Conway & Chin-Caplan, P.C.).

[3] In other cases the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. Due to the overall reasonable amount of fees sought in this particular case, the undersigned will not reduce the fees. However, the practice of having multiple attorneys work on a file is discouraged, and may result in a reduction in fees in other cases.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

The Clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).